IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50779
Summary Calendar

_____


LISA ARNOLD, Individually and a/n/f
Lea Ashley Arnold, a minor and RICHARD
ARNOLD, Individually and a/n/f of
Lea Ashley Arnold, a minor,

                              Plaintiffs-Appellants,

                    versus

UNITED STATES OF AMERICA,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(W-96-CV-198)
_____
March 18, 1998

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     Lisa and Richard Arnold appeal the dismissal of their case,

brought on their own behalf and as next friend of their minor

daughter, against the United States.  The district court

dismissed the claims, holding that it lacked subject matter

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq*.  We affirm.

**Background**

Richard Arnold worked for Lockheed in Saudi Arabia during the Persian Gulf War.  Arnold was given shots and medication by the government, along with potentially being exposed to other unspecified chemicals.  He was not informed at any time that this could cause birth defects in children.  Following his return, Richard and Lisa Arnold conceived Lea Ashley Arnold, who was born with severe birth defects.  The Arnolds filed an administrative complaint on the government under the FTCA and the Military Claims Act, and the government refused relief.

**Discussion**

The FTCA provides that:

> Subject to the provisions of chapter 171 of
> this title, the district courts. . . shall
> have exclusive jurisdiction of civil actions
> on claims against the United States. for
> money damages . . . for injury or loss of
> property, or personal injury or death caused

2

by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  Chapter 171 includes a listing of situations where the district courts do not have jurisdiction, including: (1) any claim based on a discretionary function, whether or not the discretion involved was abused; (2) any claim arising out of the combatant activities of the military forces during wartime; and (3) any claim arising in a foreign country. 28 U.S.C. § 2680(a), (j), & (k).

Under § 2680(a), the complaint must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in policy. *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991).  The focus of the inquiry is on the nature of the actions taken and whether they are susceptible to policy analysis.  *Id.* at 325.  In this case, the Arnolds challenge actions which are clearly grounded in policy.  The decision to protect civilians in the Gulf War using

3

various medication necessarily involved weighing policy issues. The courts have repeatedly refused to allow review of policy-based military decisions in the context of private tort litigation. *See, e.g.*, *Boyle v. United Technologies Corp.*, 487 U.S. 500, 511 (1988); *Industria Panificadora, S.A. v. United States*, 957 F.2d 846, 887 (D.C. Cir. 1992). In *Gordon v. Lykes Bros. S.S. Co.*, this Court held that the Government's decision to use asbestos in construction of ships during World War II fell within the discretionary function exception. 835 F.2d 96, 99-100 (5th Cir. 1988). "[O]fficials chose from among important alternative courses of action." *Id.* at 100.

The discretionary function exception also immunizes the Government for failing to issue warnings of an increased risk of birth defects as a result of chemical exposure. Assuming the Government did know of the risks, the decision on whether to warn would necessarily involve an exercise of policy judgment on whether the risk was of sufficient magnitude to warrant establishing a nationwide program to issue warnings to the thousands of military and civilian personnel potentially at risk, with the associated costs, both monetary and from such problems as creating public anxiety. *In re Consolidated U.S. Atmospheric Testing Litigation*, 820 F.2d 982, 997 (9th Cir. 1987).

Under § 2680(j), the case is also barred because the claims arose out of combatant activities of the military forces during

4

time of war. The terms "combatant activities" includes "not only physical violence, but activities both necessary to and in direct connection with actual hostilities." *Johnson v. United States*, 170 F.2d 767, 770 (9th Cir. 948). This exception is applicable to claims even in the absence of a formal declaration of war. *Koohi v. United States*, 976 F.2d 1328, 1333-34 (9th Cir. 1992). The Persian Gulf conflict constituted a "time of war" within this section, when the United States armed forces marched into Kuwait and then Iraq. *Id.*

Lastly, this suit is barred by § 2680(k) because the allegedly negligent acts of the Government occurred in a foreign country. The Arnolds contend that the Government's alleged negligence had its operative effect in the United States, and thus does not fall within this section. Congress provided that the Government's liability under the FTCA was to be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Supreme Court has specifically rejected the arguments that the words "act or omission" refer to the place where the Government's alleged negligence had its operative effect. *Richards v. United States*, 369 U.S. 1, 9-10 (1962).

The plaintiff's brief argues that the district court's decision expands the *Feres* doctrine. The *Feres* doctrine focuses on the final portion of 28 U.S.C. § 1346(b), which states that

5

the court has jurisdiction "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  In another case arising out of use of chemicals in the Persian Gulf War, the district court based its decision on the *Feres* doctrine in addition to the three grounds discussed in this case.  *Clark v. United States*, 974 F. Supp. 895 (E.D. Tex. 1996).  We do not find it necessary to reach this issue, as the stated exceptions to the FTCA are sufficient to affirm the dismissal in this case.

AFFIRMED.